JOHN A. LOWELL *vs.* CHARLES G. LORING, Trustee, & others.

A. executed a deed of trust, authorizing the trustee to receive certain moneys, and directing him to invest a portion thereof in an accumulating fund, and containing the following clause: "At my decease to pay over so much of said accumulated fund to the trustee under the will of my late husband as may be necessary to make the value of the property in hands of said trustee equal to the present value of $146,000." In fact, at the time this deed was made, the value of the property in the hands of the trustee under the will was less than that sum. *Held*, that the trustee under the deed should pay over to the trustee under the will enough to make the value of the property in his hands equal to $146,000.

BILL IN EQUITY against the trustee under the will of Kirk Boott, and various parties interested in a fund created thereby, and a fund created by a deed of trust executed by Mrs. Mary Boott, which is copied in the margin,* to obtain a judicial construction of the deed. The facts are stated in the opinion.

* " Know all men that I, Mary Boott, widow of Kirk Boott, late of Boston, in the county of Suffolk, merchant, do hereby constitute and appoint John Amory Lowell of said Boston my trustee for the following purposes: First, to receive of the trustee under the will of my late husband any income to which I may be entitled under the provisions of said will. Second. To hold the same subject to my order, provided it shall not in any one year exceed the sum of eight thousand seven hundred sixty dollars. Third. Should the said income exceed the said sum, to invest the excess in stocks or other personal securities, at his discretion, adding the interest from time to time to the principal, and hold the same in his name as my trustee. Fourth. At my decease to pay over so much of said accumulated fund to the trustee under the will of my late husband as may be necessary to make the value of the property in hands of said trustee equal to the present value of one hundred and forty-six thousand dollars. And lastly, to pay over any balance in his hands to such person or persons as may be entitled to receive the same as my heirs or devisees.

" Witness my hand and seal this thirty-first day of December, A. D. 1844.

    " Attest,                        " MARY BOOTT.    [L. S.]

        " EDWARD EVERETT."

*J. Lowell*, for several of the defendants, cited *Dana* v. *Middle-sex Bank*, 10 Met. 250; *Bosworth* v. *Sturtevant*, 2 Cush. 392; *The Queen* v. *Wilcock*, 7 Ad. & El. (N. S.) 317; *Hiscocks* v. *Hiscocks*, 5 M. & W. 363; *Whitfield* v. *Clemment*, 1 Meriv 402; *Trevor* v. *Trevor*, 5 Russ. R. 24.

*J. L. English*, for others of the defendants, cited Story on Eq. §§ 180, 182; *Smith* v. *Maitland*, 1 Ves. Jr. 362.

Hoar, J. The single question which this case presents is the construction to be given to the fourth clause in the deed of trust from Mrs. Mary Boott to the complainant. By the provisions of that deed, the trustee was to receive for Mrs. Boott the income to which she was entitled under her husband's will, and to hold the same subject to her order, provided it should not in any one year exceed the sum of $8760. Should the income exceed that sum, he was to invest the excess as an accumulating fund. Then follows the fourth clause, as follows : — " Fourth. At my decease to pay over so much of said accumulated fund to the trustee under the will of my late husband as may be necessary to make the value of the property in hands of said trustee equal to the present value of one hundred and forty-six thousand dollars."

It appears by the facts agreed that, at the time this trust deed was made, an inventory had been just before returned by the newly appointed trustee under the will of Mrs. Boott's husband, in which the property was valued at $146,000. Two years after, an account was rendered, in which this sum was reduced to $141,439.55, by treating a part of the $146,000 as having been really income belonging to Mrs. Boott, improperly included in the inventory; and this account was settled and allowed in the probate court.

It is now claimed on behalf of some of the respondents that the words " one hundred and forty-six thousand dollars," contained in the fourth clause of the deed of trust, are to be ejected as *falsa demonstratio*, an inaccuracy in matter of description, and inconsistent with the phrase " to the present value " which precedes them. And the argument is pressed upon the attention of the court, that it was Mrs. Boott's inten-

tion merely to keep the fund entire, and that its actual value at that time must control in the interpretation of the clause. But we are of opinion that this is not the just interpretation of the language used, and would not give effect to the intention with which the deed of trust was executed.

By the deed, the income of the fund, to the exact amount of the interest upon $146,000, at six per cent., is to be paid to Mrs. Boott. The nominal amount of the fund was then $146,000, and it stood charged at that sum in the inventory of the trustee. But disputes had arisen as to its actual value; and we think the design of Mrs. Boott is obvious, to put an end to the controversy in the family, by providing that, so far as the interest of the reversioners was concerned, it should be made good as an existing fund of the then present value of $146,000. She was content to receive the legal interest upon it, as if it were then fixed and ascertained to be a fund of that value. Although she was entitled to the whole income arising from it, she was willing that all surplus income should be devoted, in the first place, to make the fund entire, if it were then actually of less value, and to the extent to which it was then, for any reason, reduced below that amount. There is no reason to suppose that she contemplated, or had any cause to expect, a diminution or wasting of the property in the hands of the new trustee, or that she was seeking to provide for such a contingency.

And the language used is well chosen to effectuate such a purpose. She does not say that so much is to be paid over at her decease as may be necessary to make the fund then of the value of $146,000; which would be a provision not only for any existing deficiency, but for any loss which might afterwards occur, during the whole period of her life. So much only is to be paid as may be necessary to make the property " equal to the present value of $146,000," that is, of that value at the date of the deed of trust; providing merely for making up such losses, or diminution of the fund, as had occurred previously to that date.

This construction appears to give full force and effect to all the language used in the instrument, and to be most consistent

with the intention of the parties to it, applying the language used to the surrounding facts and circumstances, to which it was to be applied. *Decree accordingly.*